UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL NUGENT,
    *Plaintiff*,

v.

WHOLE FOODS MARKET GROUP, INC.,
    *Defendant*.

No. 3:22-cv-899 (JAM)

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

    This is a *pro se* employment discrimination lawsuit. Plaintiff Noel Nugent is an elderly black man who worked for defendant Whole Foods Market Group, Inc. ("Whole Foods").[1] He was fired after he allegedly stole empty cardboard boxes during one of his shifts, and in this lawsuit he claims that he was fired because of his race, color, and age.

    Nugent first filed this action in Connecticut Superior Court before Whole Foods removed it to federal court. Whole Foods has now moved to dismiss the complaint, primarily arguing that Nugent did not timely file his lawsuit after he exhausted his administrative remedies. Nugent in turn has moved to remand the action to state court, arguing that Whole Foods waited too long before filing its notice of removal.

    For the reasons set forth below, I will deny Nugent's motion to remand. Although Nugent is correct that Whole Foods filed an untimely notice of removal, Nugent himself waited too long before filing his motion to remand and therefore waived any objection.

    I will also grant Whole Foods' motion to dismiss. Nugent did not timely file his court complaint within 90 days of exhausting his administrative remedies before the U.S. Equal

---

[1] Although the complaint identifies the defendant as "Whole Foods Market," the defendant states that the proper name is "Whole Foods Market Group, Inc." Doc. #19 at 1 n.1. The Clerk of Court is requested to amend the case caption accordingly.

Employment Opportunity Commission ("EEOC") and the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Because Nugent has not shown grounds for equitable tolling of the 90-day time limitation, this action must be dismissed.

## BACKGROUND

Nugent is a 77-year-old black man who worked at the Whole Foods Market in Westport, Connecticut.[2] He worked in the seafood department for almost a decade before the store fired him on July 10, 2020.[3]

According to Nugent, the issues leading to his termination began in December 2019 when he slipped and fell while at work and injured his back and head.[4] Following this accident, he met with a doctor who told him that he would "need to take it easy at work."[5] He told Whole Foods about his injury, but the store did nothing to help him obtain any kind of compensation for what happened.[6] Instead, Whole Foods told Nugent that he would have to cover his own medical expenses.[7] After his fall, Nugent's supervisors told him that they planned to reduce his workload, and they referred to his age as one of the reasons.[8]

In June 2020, Whole Foods placed Nugent on paid administrative leave because someone accused him of an "inappropriate touching."[9] After a week of leave, Whole Foods suspended Nugent.[10] He alleges that after he returned to work his supervisor would follow him around during his shifts.[11]

---

[2] Doc. #1 at 6 (¶¶ 1–3).
[3] *Id.* at 6 (¶ 4), 7 (¶ 14).
[4] *Id.* at 6 (¶ 5).
[5] *Ibid.* (¶ 6).
[6] *Ibid.* (¶ 7).
[7] *Ibid.* (¶ 8).
[8] *Ibid.* (¶ 9).
[9] *Ibid.* (¶ 10).
[10] *See ibid.* (¶¶ 10–11).
[11] *Id.* at 7 (¶ 12).

On July 9, 2020, Nugent was breaking down cardboard boxes while at work.[12] Whole Foods would usually allow him to take the boxes home because the store would otherwise throw them out.[13] But this time, Nugent's supervisor confronted him.[14] He demanded Nugent come to the main office to write a statement.[15] When Nugent arrived, he refused to write anything and asked to call his wife.[16] His supervisor said that if he called her, then he would be fired.[17] So, Nugent gave in; he wrote and signed a statement.[18] Whole Foods fired him the next day.[19]

Nugent alleges that Whole Foods fired him because of his race, color, and age.[20] He asserts claims and seeks money damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*[21]

Nugent filed this *pro se* lawsuit in Connecticut Superior Court on April 25, 2022.[22] Whole Foods then removed to federal court on July 18, 2022, on the basis of federal question and diversity jurisdiction.[23] In its removal notice, Whole Foods acknowledged that it was removing after the 30-day statutory deadline to remove cases from state to federal court.[24] The

---

[12] *Ibid.* (¶ 13).
[13] *Ibid.*
[14] *Ibid.*
[15] *Ibid.* (¶ 14).
[16] *Ibid.*
[17] *Ibid.*
[18] *Ibid.*
[19] *Ibid.*
[20] *Ibid.* (¶¶ 14–15). His complaint also alleges that he was fired because he opposed discrimination but does not allege facts in support of this claim.
[21] *Ibid.* (¶ 15). Although the complaint does not expressly cite the ADEA, it expressly alleges age discrimination and because Nugent is a *pro se* party he is entitled to a liberal construction of his pleadings.
[22] Compl., *Nugent v. Whole Foods Market*, FST-CV22-5026432-S (Conn. Super. Ct. Apr. 25, 2022); *see also* Doc. #1 at 5–8.
[23] Doc. #1 at 1–3 (Notice of Removal); *see* Notice of Removal to Federal District Ct., *Nugent v. Whole Foods Market*, FST-CV22-5026432-S (Conn. Super. Ct. July 18, 2022), Doc. #104.00.
[24] Doc. #1 at 2 (¶ 2); *see also* Doc. #3 at 1 (¶ 4).

store explained that it only became aware of the pending lawsuit on July 5, 2022, due to an unspecified error in service.[25] The day after removal I ordered Whole Foods to explain why this case should not be remanded to state court.[26] Whole Foods responded and blamed the delay in removing on the transition between attorneys in its legal department.[27] Nugent moved to remand on September 19, 2022.[28]

Whole Foods moves to dismiss Nugent's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[29] It argues that Nugent's claims are untimely and that he failed to plead exhaustion in his complaint.[30] Nugent opposes dismissal in a brief that only rehashes the allegations of his complaint rather than responding to any of the arguments made by Whole Foods for dismissal.[31]

## DISCUSSION

A court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Under Rule 12(b)(1), a complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain subject matter jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016).[32] Similarly, under Rule 12(b)(6) a Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). This

---

[25] Doc. #1 at 2 (¶ 2); *see also* Doc. #3 at 1 (¶¶ 1–2) (noting that Whole Foods was served on April 20, 2022).
[26] Dkt Entry on July 19, 2022.
[27] Doc. #14 at 2.
[28] Doc. #22.
[29] Docs. #18, #19.
[30] Doc. #19 at 4–7.
[31] *See* Doc. #27 at 1–2 (¶¶ 1–14).
[32] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

"plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Charles v. Orange Cnty.*, 925 F.3d 73, 81 (2d Cir. 2019) (same). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (*per curiam*). Still, even a *pro se* complaint must allege enough facts to state plausible grounds for relief. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Motion to remand*

I will first consider whether to remand this case back to state court. By way of background, the law allows a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have subject matter jurisdiction over the complaint. *See* 28 U.S.C. § 1441(a). Two of the most common grounds for a federal court's subject matter jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332. Here, it appears there is federal question jurisdiction over Nugent's Title VII and ADEA claims as well as diversity jurisdiction over Nugent's CFEPA state law claim against an out-of-state corporation.

Yet even if a federal court has subject matter jurisdiction over a state court complaint, the right to remove is not limitless. It may be invoked only "so long as certain requirements are satisfied." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (citing 28 U.S.C. § 1441(a)). Among these requirements is that the defendant must generally file a notice of removal

within 30 days of receipt of receiving a copy of the complaint or service of a summons. *Ibid.* (citing § 1446(b)(1)).

Whole Foods removed this case long after the 30-day statutory deadline. The state court action was served on Whole Foods on April 20, 2022, yet Whole Foods delayed almost three months until July 18, 2022, before filing a notice of removal.[33]

The day after Whole Foods removed, I entered an order to require Whole Foods to explain why this case should not be remanded to state court because of its untimely removal.[34] A week later it responded to say that the delay was because of an administrative mix-up, and I then issued an order affording Nugent an opportunity to state by August 10, 2022, whether he wished to assert his rights to remand.[35]

But Nugent missed that deadline, and he did not move to remand until September 19, 2022.[36] Nugent's own delay ran afoul of the removal statute because the statute requires that "[t]he motion to remand must be filed within thirty days of the filing of the notice of removal." *Agyin v. Razmzan*, 986 F.3d 168, 182 (2d Cir. 2021) (citing 28 U.S.C. § 1447(c)). Nugent's motion to remand was filed more than a month past the 30-day statutory deadline.

So in short Whole Foods waited too long to remove this case, but Nugent himself waited too long to try to remand it. What should a court do when both sides fly past the deadlines to remove and to seek remand?

Unfortunately for Nugent, the law is clear that he loses the right to return to state court. The Second Circuit has ruled that the 30-day time limit for a party like Whole Foods to remove a civil action from state court to federal court "is merely a formal and modal requirement and is

---

[33] Docs. #1 at 1, #3 at 1 (¶ 2).
[34] Dkt Entry on July 19, 2022.
[35] Docs. #14, #15.
[36] Doc. #22.

not jurisdictional." *Ibid.* "Therefore, if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived." *Ibid.*

This is not to say that a court may never entertain an untimely motion to remand. The Second Circuit has ruled that the 30-day deadline for a plaintiff to file a motion to remand "is plainly mandatory," but has "never held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion." *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (*per curiam*).

Still, even assuming I have discretion to consider Nugent's overdue motion, he has not shown any good or convincing reason for his late filing. He had clear notice from my order of July 27, 2022, that he could seek remand.[37] And Whole Foods has further shown that as of July 28, 2022—well within the 30-day statutory period for Nugent to file a motion to remand—Nugent was aware of and told Whole Foods that he intended to seek remand.[38] Yet he did not timely do so. Accordingly, I will deny Nugent's motion to remand.

### *Motion to dismiss*

I now turn to Whole Foods' motion to dismiss Nugent's complaint. Whole Foods primarily argues that Nugent did not timely file this lawsuit following his exhaustion of administrative remedies before the EEOC and the CHRO.

---

[37] Doc. #15.
[38] Doc. #30-1 at 6 (email of July 28, 2022, from Nugent's son, Vernon—who is assisting his father with the litigation of this case—stating "I will actually be sending filing [sic] a motion to bring the case back to superior [court] as well"). During the Court's later telephonic status conference with the parties on September 27, 2022, Nugent's son claimed not to be aware that the case had been removed to federal court until very recently and had not received any of the Court's notices or orders that were mailed to the address of record for both Nugent and his son. *See* Doc. #37 at 3–4 (transcript of teleconference call). But I confirmed with Vernon that the address listed on the docket for Nugent was correct and determined after my colloquy with him that it was "an operable mailbox." *Id.* at 5–9. Vernon's claim not to have received notice is conclusively refuted by his email of July 28, 2022, stating his intention to file a motion to remand.

7

It is a very basic rule for employment discrimination claims under Title VII, the ADEA, and CFEPA that before seeking relief in federal court a plaintiff must generally exhaust administrative remedies before the EEOC and the CHRO. After the plaintiff has exhausted the required administrative process and received due notice of the termination of the administrative process (such as by way of a right-to-sue letter or dismissal notice from the EEOC or a release-of-jurisdiction notice from the CHRO), the plaintiff must promptly file any federal court action within the next 90 days. *See Wilson v. Long Ridge Post Acute Care*, 2023 WL 2072510, at *8 (D. Conn. 2023) (citing 42 U.S.C. § 2000e-5(f)(1) for Title VII claims); *Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 126–27 (2d Cir. 2006) (citing 29 U.S.C. § 626(e) for ADEA claims); *Grebla v. Danbury Hosp.*, 2023 WL 2384109, at *3 (D. Conn. 2023) (citing Conn. Gen. Stat. § 46a-101(d)-(e) for CFEPA claims).

The CHRO issued a release-of-jurisdiction notice to Nugent on August 31, 2021, and the EEOC issued a notice of dismissal and right-to-sue letter on October 28, 2021.[39] But Nugent did not file this lawsuit until March 15, 2022, at the earliest.[40] Therefore, Nugent's lawsuit was not filed within the 90-day limitations period.

According to Whole Foods, that is the end of the matter because the 90-day limitation period is no less than jurisdictional.[41] Not so. It is well-established that a plaintiff's failure to meet the 90-day deadline for the filing of a federal court complaint is *not* jurisdictional and is subject to equitable tolling. *See Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 63 (2d Cir. 2018) (Title VII and ADEA claims); *Sokolovsky v. Mulholland*, 213 Conn. App. 128, 134–46

---

[39] Doc. #21 at 23 (CHRO notice); Doc. #19 at 22 (EEOC letter).
[40] Doc. #1 at 5–8. The state court complaint attached to the notice of removal reflects a date of March 15, 2022, and because this date is well beyond 90 days after the CHRO and EEOC notices, I need not address whether Nugent's action should be deemed to have been filed on a later date when he served the complaint. *See Mosby v. Bd. of Educ.*, 187 Conn. App. 771, 774 (2019) (*per curiam*) ("[I]n Connecticut, an action is commenced not when the writ is returned but when it is served upon the defendant.").
[41] Doc. #19 at 4–6.

(2022) (CFEPA claim and collecting federal cases standing for the proposition that the 90-day filing requirement is non-jurisdictional).

Even so, Nugent does not allege facts to suggest that there are grounds for equitable tolling. "As a general matter, a litigant seeking equitable tolling must establish two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010).

Because Nugent does not show that he exercised his rights diligently and that there was an extraordinary circumstance that prevented him from meeting the 90-day limit, I decline to equitably toll the limitations period and will grant Whole Foods' motion to dismiss the Title VII, ADEA, and CFEPA claims for failure to timely file this court action. *See Edo v. Antika Pizzeria Astoria, Inc.*, 852 F. App'x 618, 619 (2d Cir. 2021) (affirming a district court's dismissal of a plaintiff's complaint filed "114 days after receiving [the] right-to-sue letter from the EEOC"); *Patterson v. Stamford Hosp.*, 2022 WL 17414962, at *3 (D. Conn. 2022) (dismissing a plaintiff's complaint filed "ninety-one days after she received the EEOC Dismissal and Notice of Suit Rights").

**CONCLUSION**

For the reasons set forth above, the Court DENIES Nugent's motion to remand (Doc. #22) and GRANTS Whole Foods' motion to dismiss the complaint (Doc. #18) with prejudice.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 29th day of March 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge